UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN STILLER,

        Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:14 CV 762

FEDERAL HOUSING
FINANCE AGENCY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Motion for Removal Pursuant to Federal Question, (Dkt. #26), and Defendant's Motion to Dismiss, (Dkt. #30).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this action **terminated**.

## BACKGROUND

        Plaintiff initiated this action on July 17, 2014, against the Federal Housing Finance Authority (FHFA), the Federal National Mortgage Association (FNMA), Edward Demarco, Mel Watt, and six unnamed individuals.  (Dkt. #1).  Service was subsequently effected on Defendant FHFA on or about August 7, 2014.  (Dkt. #8).  On August 27, 2014, FHFA moved for an Order directing Plaintiff to provide a more definite statement of his claims.  (Dkt. #12).  The Court granted Defendant's motion and ordered Plaintiff to "file an amended complaint which complies with Federal Rules of Civil Procedure 8 and 11."  (Dkt. #16).  In response to this Order, Plaintiff submitted a "D[e]finitive

Statement." (Dkt. #18). The Court concluded that Plaintiff's submission did not comply with the Court's previous Order and again directed Plaintiff to "file an amended complaint which complies with Federal Rules of Civil Procedure 8 and 11." (Dkt. #21). Plaintiff subsequently submitted an Amended Complaint. (Dkt. #22).

While Plaintiff's Amended Complaint is largely incomprehensible, it is clear that the genesis of the present action is Plaintiff's dissatisfaction with a state court proceeding concerning the foreclosure and subsequent sale of certain real property. Specifically, Plaintiff requests that the Court enter an Order declaring that the mortgage and note concerning the property in question are "void as a matter of law" and, moreover, that the foreclosure in question is "contrary to Statute, and is therefore rescinded." (Dkt. #22 at Page ID#84). Final judgment in the state court action was entered against Plaintiff on November 20, 2014. (Dkt. #45, Exhibit A). Presently before the Court are two motions. Plaintiff moves the Court for an Order to remove to this Court the aforementioned state court proceeding. Defendant FHFA moves the Court to dismiss Plaintiff's Amended Complaint.

**I.      Motion for Removal**

Plaintiff requests approval to remove to this Court the state court action referenced above. (Dkt. #26; Dkt. #45). Under federal law, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). With respect to the appropriate procedure for removing a state court action to federal court, federal law provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall

file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Plaintiff has neither filed in this Court a notice of removal nor submitted copies of the "process, pleadings, and orders" in the state court action. Thus, Plaintiff has failed to comply with the requirements of § 1446(a). Moreover, Plaintiff cannot now cure this deficiency because the deadline for removing the action to this Court has long since passed. *See* 28 U.S.C. § 1446(b). More significantly, a final judgment in the state court action was long ago entered. (Dkt. #45, Exhibit A). As is well recognized, the federal district courts lack jurisdiction to review judgments entered by state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts"). In sum, Plaintiff has failed to comply with the appropriate procedure to remove the action in question to this Court and, furthermore, this Court lacks the jurisdiction to hear the matter regardless. Accordingly, the undersigned recommends that Plaintiff's motion for removal be denied.

**II.        Motion to Dismiss**

The precise nature of Plaintiff's claims is difficult to discern, but Plaintiff is clearly seeking relief pursuant to the Declaratory Judgment Act. At the outset of his Amended Complaint, Plaintiff states, "The Complaint is brought forth under Statute 28 USC 2201. The Complaint seeks the Declaratory relief of the Court. . ." (Dkt. #22 at Page ID#84).

Pursuant to the Declaratory Judgment Act, the Court "[i]n a case of actual controversy within its jurisdiction. . .*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). In passing the Declaratory Judgment Act, Congress "created an opportunity, rather than a duty, to grant a new form of relief." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). The Declaratory Judgment Act is "an enabling Act, which confers discretion on the court rather than an absolute right on the litigant." *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952)). Accordingly, "[f]ederal courts, and federal district courts in particular, have 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Hoey*, 773 F.3d at 758 (quoting *Wilton*, 515 U.S. at 286).

When deciding whether to exercise discretion and hear a declaratory action, courts are instructed to consider the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Hoey*, 773 F.3d at 759. These factors are not necessarily considered equally and none of these factors is dispositive. *Hoey*, 773 F.3d at 759-60; *Flowers*, 513 F.3d at 554-63.

The Court concludes, on two distinct grounds, that dismissal of the present declaratory action is appropriate. First, as noted above, the Court lacks jurisdiction to resolve what is essentially an

appeal of a state court judgment. Second, consideration of the aforementioned factors compels the conclusion that entertaining Plaintiff's request for declaratory relief is not appropriate. While styled as a declaratory action, in reality Plaintiff is seeking to appeal in this Court an adverse ruling entered against him in a state forum. Entertaining such a case would "encroach upon state jurisdiction." Likewise, it is more appropriate for Plaintiff to pursue this matter in the appropriate state forum. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted and Plaintiff's action be dismissed as to all defendants.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Removal Pursuant to Federal Question, (Dkt. #26), be **denied**, Defendant's Motion to Dismiss, (Dkt. #30), be **granted**, and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 22, 2015   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge